Claudine **HALL**, Individually and on behalf of all persons similarly situated, Plaintiffs-Appellants,

v.

Sylvia **GARSON** et al., Defendants-Appellees.

No. 72–1189.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1972.

---

4. See n. 2

5. N.T. at 31.

**846**

Stuart M. Nelkin, Elene B. Glassman, Houston, Tex., for plaintiffs-appellants.

Miller B. Walker, Jr., Sam Williamson, Houston, Tex., for defendants-appellees.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

SIMPSON, Circuit Judge.

Beginning May 23, 1967, plaintiff-appellant Hall was a tenant of the Cosmopolitan Apartments in Houston, Texas, which were operated by defendants-appellees Garson, Kaplan and Sud. On September 24, 1969, Hall was in arrears in her rent, although the amount of the arrearage was in dispute.[1] Because of this due and unpaid rent, defendants-appellees' agent was sent to Hall's apartment and, on their instructions, entered Hall's apartment and took therefrom a portable television set owned by Hall and delivered it to defendants-appellees. Neither the entry upon the premises nor the seizure of the television set was consented to by plaintiff-appellant Hall nor by any member of her household; nor was the entry or seizure authorized by any judicial or administrative officer.

Upon demand by Hall, defendant-appellee Garson or her agent, acting on behalf of all named defendants-appellees, refused to return the television set under authority of Vernon's Tex.Rev.Civ. Stat.Ann. Art. 5238a, which grants to the operator of any apartment a lien upon certain personal property found within the tenant's dwelling for all rents due and unpaid by the tenant thereof and grants to the operator the right to enforce that lien by peremptory seizure and retention of such property until the amount of unpaid rent is paid. Art. 5238a makes no provision for any kind of prior hearing.[2]

---

1. Defendants-appellees allege the arrearage was for twenty-nine days, or approximately $100; plaintiff-appellant contends the arrearage was for fourteen days, or $50. Both sides agree another week's rent, $25, was due on September 24, 1969. The precise amount of rent due and payable is not relevant to our decision.

2. Tex.Rev.Civ.Stat.Ann. Art. 5238a:
    "Art. 5238a. Baggage lien for rent
    Section 1. The operator of any residential house, apartment, duplex or other single or multi-family dweling, shall have a lien upon all baggage and all other property found within the tenant's dwelling for all rents due and unpaid by the tenant thereof; and said operator shall have the right to take and retain possession of such baggage and other property until the amount of such unpaid rent is paid. Such baggage and other property shall be exempt from attachment or execution to the same extent as set out in Article 4594, Revised Civil Statutes of Texas, 1925, as amended, regulating baggage liens for hotels, boarding houses, rooming houses, inns, tourist courts and motels.

    Sec. 2. In any sale to satisfy said lien, said operator shall be subject to the same duties and shall follow the same procedures as set out for proprietors of hotels, boarding houses, inns, tourist courts, and motels, in Article 4595, Revised Civil Statutes of Texas, 1925, as amended.

    Sec. 3. Notwithstanding any provisions to the contrary contained in Article 3840, Revised Civil Statutes of Texas, 1925, as amended, there shall be exempt from the lien set out in Section 1 of this Act, the following: (1) all wearing apparel

Subsequent to the taking of Hall's television set, defendants-appellees notified Hall that her television set was being held for the past due rent owed and that it would be returned upon her paying the arrearage. Appellant Hall has never paid nor tendered payment of the rent due and defendants-appellees have indicated they are ready and willing to return the television set to Hall at the time such payment is made.

Hall brought a class action under Rule 23, F.R.Civ.P. on behalf of herself and all other persons similarly situated, challenging the constitutionality of this statutory authority under the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution and for appropriate injunctive relief against defendants-appellees.[3] The district court dismissed the action as jurisdictionally premature, but we reversed and found that Title 28, U.S.C. Section 1343, provided the requisite jurisdiction and that plaintiffs-appellants stated a claim for which relief could be granted under Title 42, U.S.C., Section 1983. Hall, et al. v. Garson, et al., 5 Cir. 1970, 430 F.2d 430. On remand, the district court denied the injunctive relief requested and dismissed the complaint by an unreported memorandum decision.

Fuentes v. Shevin, 1972, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, was decided by the Supreme Court subsequent to the instant appeal, but before oral argument. That case was a logical extension of the constitutional principles applied in Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and Sniadach v. Family Finance Corp., 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349. On the authority of *Fuentes* we hold that Tex.Rev.Stat.Ann. Art. 5238a works "a deprivation of property without due process of law insofar as [it denies] the right to a prior opportunity to be heard before chattels are taken from their possessor". 407 U.S. at 96, 92 S.Ct. at 2002, 32 L.Ed.2d at 579.

In *Fuentes* the Supreme Court invalidated Florida and Pennsylvania statutes which provided for the summary seizure of goods in a person's possession under a writ of replevin to be issued upon the *ex parte* application of any other person who claimed a right to them and posted a security bond. The Court found the constitutional infirmity to be the complete absence of prior notice and opportunity to be heard to the party in possession of the property, and held that such violation of due process could be

---

and (2) all tools, apparatus and books belonging to any trade or profession. Additionally, the following shall be exempt from such lien when said house, duplex or apartment is occupied by a family, defined as a person and others whom he is under a legal or moral obligation to support: (1) one automobile and one truck, (2) family library and all family portraits and pictures, (3) household furniture to the extent of one couch, two living room chairs, dining table and chairs, all beds and bedding, and all kitchen furniture and utensils, (4) all agricultural implements, saddles, and bridles, and, (5) goods subject to a recorded chattel mortgage lien or financing agreement.

Sec. 4. In the event the lessor is unable to determine who owns said baggage or property or whether said baggage or property is subject to a chattel mortgage or financing statement, or whether said baggage or property is exempt under Section 3 hereof, then the lessor, upon retaining said baggage or other property,

shall be liable to safely store said baggage or property and to return it immediately upon request to the rightful owner or mortgagee, if owner or mortgagee is other than the lessee or if the amount due is paid in full. In the event of loss, destruction, theft, or sale thereof, the lessor shall be liable for the full replacement cost of such baggage or other property.

Sec. 5. Nothing contained herein shall prejudice any contractual agreements entered into by lessors and lessees concerning the subject matter of this article.

Sec. 6. All laws and parts thereof, in conflict herewith, are hereby repealed to the extent of the conflict and this Act shall take precedence over all other laws in conflict with this Act."

3. Plaintiff-appellant Hall also challenged Art. 5238a under the Fourth and Fourteenth Amendments. It is not necessary that we reach that issue.

cured only by providing adequate safeguards at a meaningful time and in a meaningful manner so as to obviate the danger of an unfair or mistaken deprivation of property.

Here we have no such protections.[4] Art. 5238a clothes the apartment operator with clear statutory authority to enter into another's home and seize property contained therein. This makes his actions those of the State. Screws v. United States, 1945, 325 U.S. 91, 110–111, 65 S.Ct. 1031, 1039–1040, 89 L.Ed. 1495, 1507–1508; United States v. Classic, 1941, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, 1388; Ex parte Virginia, 1880, 100 U.S. 339, 346–347, 25 L.Ed. 676; Hall v. Garson, supra, 430 F.2d at 439–440. There is no requirement that the landlord first have the validity or the accuracy of his claim impartially determined, or that a need for immediate seizure be present. Those decisions are left to the operator himself to act upon with no prior opportunity for challenge by the possessor of the property.

> "The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions." 407 U.S. at 80, 92 S.Ct. at 1994, 32 L.Ed.2d at 570.

And:

> "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." 407 U.S. at 81, 92 S.Ct. at 1994, 32 L.Ed.2d at 570.

We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

---

4. Nor do we have any of the "extraordinary situations" which could justify an exception to the general requirement, e. g., the necessity to secure an important governmental or general public interest, a special need for prompt action, or the State's

need to keep a strict control over its monopoly of legitimate force, alluded to in *Fuentes*, 407 U.S. at 90–92, 92 S.Ct. at 1999–2001, 32 L.Ed.2d at 575–577. We have in the instant case no more than a private claim.