**Gayle STROEMER, Individually and as a class for all those similarly situated, Plaintiff,**

v.

**Robert L. SHEVIN, Attorney General for the State of Florida, et al., Defendants.**

**No. 72–1627–Civ–WM.**

United States District Court, S. D. Florida.

Jan. 29, 1973.

Legal Services of Greater Miami, Miami, Fla., for plaintiff.

Robert L. Shevin, Atty. Gen., State of Fla., Tallahassee, Fla., for defendants.

### ORDER

MEHRTENS, District Judge.

This cause came before the Court upon Plaintiff's Motion for a partial summary judgment. Plaintiff's claim for damages have by stipulation of the parties been stricken and all issues of material fact have been resolved. The Court, pursuant to Rule 56, Federal Rules of Civil Procedure, finds that there remain no other issues of material fact.

 This is an action brought pursuant to 42 U.S.C. § 1983 and the Court invoked jurisdiction of this cause pursuant to 28 U.S.C. § 1343(3). The instant Complaint does not present a substantial federal constitutional question which requires a three-judge court and a single judge is sufficient. The Plaintiff's claim for Injunctive relief is dismissed because a single judge is not empowered to grant the relief sought. Plaintiffs allege that this is a proper action for class relief and pursuant to Rule 23, Federal Rules of Civil Procedure moved to define the class. The Court finds that a class is not practical in the instant case and that complete relief can be obtained by the named Plaintiff. Thus the Plaintiff's request that this action be designated a class action should be denied.

The Plaintiff entered into an oral monthly lease agreement of indefinite term with the Defendant, ED TARDIF, on or about August 15, 1969. Alleging that the Plaintiff did not pay her rent for the months of December, 1971, January and February, 1972, the Defendant-Landlord caused to be filed in the former Civil Court of Record in and for Dade County a Complaint for the rent arrearages and caused the Clerk to issue a distress writ. The Plaintiff's personal property was then seized pursuant to the Writ of Distress served by the Defendant, Sheriff of Dade County.

 The issue in this cause is whether the Florida Distress Statutes, 83.08, 83.09, 83.11, 83.12, 83.13, 83.14, 83.15, 83.18 and 83.19, are unconstitutional in that they permit and authorize the taking of property without due process of law. Section 83.08, Florida Statute provides for a landlord's lien for rent upon the property found upon or off the premises leased or rented with certain property of the tenant being exempt from distress (F.S.83.09). The statute requires the landlord or his attorney to file a complaint in the proper court of the county where his land lies. (F.S.83.11). The Clerk is then required to issue a distress writ commanding the sheriff to levy on the property liable to be distrained and to summon the Defendant to answer the landlord's complaint. The landlord must file a bond with surety payable to the Defendant in at least double the sum of money demanded. (F.S.83.12). The Sheriff must execute the writ of distress upon the tenant and levy on property distrainable for such rent. The levy upon the property shall suffice as the service upon the tenant. (F.S.83.13). The Defendant-Tenant may have the distrained property resored by giving a similar bond to the officer levying the distress writ payable to the Plaintiff-Landlord (F.S.83.14). The court then decides the action on its merits, providing that if the property has been restored to the Defendant and the Plaintiff prevails, judgment shall be rendered against the Defendant and against the Defendant's sureties. If the verdict is for the Defendant, the landlord is required to pay costs and damages (F.S.83.18). If the verdict is for the Plaintiff and the property has not been restored to the Defendant, it is sold and the proceeds applied to the Plaintiff's judgment (F.S.83.19).

This Court is governed by four recent decisions in determining the constitutionality of the foregoing statutes: *Fuentes v. Shevin,* 407 U.S. 67, 82 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Hall v. Garson,* 468 F.2d 845 (5 Cir. 1972); *MacQueen v. Lambert,* 318 F.Supp. 1334 (M.D.Fla.1972); *Barber v. Rader,* 350 F.Supp. 183 (S.D.Fla.1972). Thereupon, it is

Ordered and adjudged that Plaintiff's motion for partial summary judgment is hereby granted as a summary final judgment and that the enforcement, application and use of the foregoing statutes is declared to be an unconstitutional infringement of tenants' rights to procedural due process.