Elouise SHELTON, Plaintiff,

v.

GENERAL ELECTRIC CREDIT CORPO-
RATION et al., Defendants.

Civ. A. No. 788.

United States District Court,
M. D. Georgia,
Americus Division.

June 12, 1973.

Robert E. Sherrell, Fitzgerald, Ga., for plaintiff.

William E. Smith, Americus, Ga., Ben B. Mills, Jr., Fitzgerald, Ga., for defendants.

BOOTLE, District Judge:

On February 24, 1972, the plaintiff purchased a mobile home from the defendant Tom Barnes Mobile Homes, Inc. She made a small down payment and executed a conditional sales contract which provided that the remainder would be paid in 102 equal monthly installments of $70.06. The conditional sales contract was assigned to the defendant General Electric Credit Corporation. Claiming a default in payments, the defendants Tom Barnes Mobile Homes, Inc. and Mike Clark went to plaintiff's residence and took possession of the mobile home. The defendants were acting pursuant to the conditional sales contract, which provided that:

"If Buyer fails to pay the Total of Payments or any part thereof when due or fails to comply with any of the other terms and conditions of this agreement, the entire unpaid balance, at holder's election, shall become immediately due and payable. In such event, holder may either commence a suit against Buyer for the unpaid indebtedness due hereunder or holder may take possession of the Vehicle through available lawful means and sell it at public or private sale."

and pursuant to the Uniform Commercial Code's self help provision.[1] The plaintiff seeks $300.00 for damages allegedly done to personal property during the repossession and $10,000.00 punitive damages.

This action is brought pursuant to the fourteenth amendment and 42 U.S.C.A. § 1983. Jurisdiction is based upon 28 U.S.C.A. § 1343(3).[2] The defendants have filed a motion for judgment on the pleadings asserting that this court is without jurisdiction.

---

1. Ga.Code Ann. § 109A–9–503 (Rev. 1962) provides:
   "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by. action."

2. The Supreme Court has expressly rejected any distinction between personal rights and property rights and held that 28 U.S.C.A. § 1343(3) applies to both. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

The issue is whether the defendants acted "under color of state law." For reasons hereinafter stated, this court holds that the defendants' actions were not under color of state law and that therefore this court is without jurisdiction.

State action was defined by the Supreme Court in United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1940) in these words:

> "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

To determine whether the defendant private individuals in this case were "clothed" with state authority one must look to the degree of involvement for "[o]nly by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961). In Columbia Broadcasting System, Inc., Petitioner v. Democratic National Committee, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973), the Court, in finding that there was no Federal governmental action, said:

> "[T]he line between private conduct and governmental action cannot be defined by reference to any general formula unrelated to particular exercises of governmental authority. When governmental action is alleged there must be cautious, analysis of the quality and degree of government relationship to the particular acts in question . . .
>
> "The First Amendment does not reach acts of private parties in every instance where the Congress or the Commission has merely permitted or failed to prohibit such acts."

The plaintiff seeks to bring her case within Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1969). In Reitman, the Supreme Court struck down a California constitutional provision concurring in the reasoning and holding of the Supreme Court of California that the true effect of said provision was to "embod[y] in the State's basic charter, immune from legislative, executive, or judicial regulation at any level of the state government" the "right to discriminate, including the right to discriminate on racial grounds." Id. at 377, 87 S.Ct. at 1632. That constitutional provision forbade the State of California or any subdivision thereof from denying to any person the right to decline to sell, lease or rent any real property to such person as he "in his absolute discretion, chooses." Id. at 371, n. 2, 87 S.Ct. at 1629. Obviously, the Supreme Court in Reitman was dealing with a peculiar factual situation. The decision was five to four. In the later case Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), Reitman was given this interpretation:

> "Our holdings indicate that where the impetus for the discrimination is private, the State must have 'significantly involved itself with invidious discriminations,' Reitman v. Mulkey, 387 U.S. 369, 380, 87 S.Ct. 1627, 1634, 18 L.Ed.2d 830 [838], in order for the discriminatory action to fall within the ambit of the constitutional prohibition." 407 U.S. at 173, 92 S.Ct. at 1971.

Significantly, Reitman stands for the proposition that whether or not state action exists depends upon the particular existing facts, stating the rule thusly:

> "This Court has never attempted the 'impossible task' of formulating an infallible test for determining whether the State 'in any of its manifestations' has become significantly involved in private discriminations." 387 U.S. at 378, 87 S.Ct. at 1632.

Whereas the Reitman case involved charges of racial discrimination against the background of the rule that "[f]ew principles of law are more firmly stitched into our constitutional fabric

than the proposition that a State must not discriminate against a person because of his race", Adickes v. S. H. Kress & Co., 398 U.S. 144, 150–151, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), the instant case is concerned not with charges of discrimination racial or otherwise but with allegations of denial of due process of law in that repossession of chattels occurred without a prior judicial hearing. Thus the factual situations so important in determining whether or not state action exists are entirely different. Also *Reitman* involved a change in the state law and here the secured party's right to self help existed long before the enactment of the statute in question. And more importantly *Reitman* is distinguishable on the ground that the secured party may act independently of the self help statute and rely solely on his contractual right of repossession.

The plaintiff also asks this court to extend Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) to cover the case at bar. This the court declines to do.[3] In *Fuentes* the Supreme Court noted that self help has always been a part of the common law "without the use of state power." *Id.* at 79, n. 12, 92 S.Ct. at 1990. The plaintiff also relies on Hall v. Garson, 468 F.2d 845 (5th Cir. 1972). In *Hall,* the Court of Appeals, on the basis of *Fuentes,* held unconstitutional a Texas statute which granted the landlord a lien on the tenant's property for all rent due and unpaid and further authorized the landlord to enforce the lien by seizure and retention of such property. The Texas statute made no provision for notice to the tenant prior to seizure. As to the state action issue the court stated that the Texas statute "clothes the apartment operator with clear statutory authority to enter into another's home and seize property contained therein. This makes his actions those of the State." 468 F.2d at 848. The statute in question creates no lien and confers no authority which did not already exist.

Accordingly, the defendants are entitled to a judgment on the pleadings and counsel for defendants may prepare an appropriate judgment and submit the same to the court, after allowing counsel for plaintiff an opportunity for suggestions as to form.

---

3. Only one federal court has found state action to be present in the self help provision of the Uniform Commercial Code. Adams v. Egley, 338 F.Supp. 614 (S.D.Cal.1972). At least five federal courts have rejected the idea. Kirksey v. Theilig, 351 F.Supp. 727 (D.Colo. 1972) ; Pease v. Havelock National Bank, 351 F.Supp. 118 (D.Neb.1972) ; Greene v. First National Exchange Bank, 348 F. Supp. 672 (W.D.Va.1972) ; Oller v. Bank of America, 342 F.Supp. 21 (N.D. Cal.1972) ; McCormick v. First National Bank, 322 F.Supp. 604 (S.D.Fla.1971).