**LEISURE ESTATES OF AMERICA, INC.**

v.

**CARMEL DEVELOPMENT COM-PANY et al.**

Civ. A. No. 73-C-70.

United States District Court,
S. D. Texas,
Corpus Christi Division.

Jan. 24, 1974.

G. Phil Berryman, Stone & Berryman, Inc., Corpus Christi, Tex., for plaintiff.

Allen Wood, Wood, Burney, Nesbitt & Ryan, Corpus Christi, Tex., for defendants Carmel Development Co., Addie E. Sanguinet, and Bonita C. Miller.

S. E. Dyer, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, Tex., for defendant Harry J. Schulz.

Sam A. Westergren, Jr., Corpus Christi, Tex., for defendant Carroll G. Miller.

MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

Leisure Estates of America, Inc. (Leisure Estates), the Plaintiff in this action, is a Texas corporation with its principal place of business in Corpus Christi, Texas. Defendant Carmel Development Company (Carmel) is also a Texas corporation, with its registered office in Mathis, Texas, and the several officers and/or directors of the Defendant corporation, who are sued individually, reside in Bexar and Live Oak Counties, Texas.

Plaintiff seeks damages and declaratory relief on the ground that the foreclosure sale of real property by the Defendants, as permitted by Article 3810, Vernon's Ann.Tex.Civ.St., constitutes a taking and deprivation of property without due process of law, in violation of the Fourteenth Amendment of the United States.[1] Alternatively, Plaintiff claims that the particular foreclosure violated Texas law in several respects. Jurisdiction of this Court is asserted pursuant to 42 U.S.C., § 1983, and 28 U.S.C., § 1343(3), (4), as well as 28 U.S.C., § 1331(a), 28 U.S.C., §§ 2201, 2202, and Rule 57, F.R.C.P.

The origin of this action can be traced to a conveyance of real property, evidenced by warranty deed dated the 1st day of April, 1970, from Defendant Carmel to Hemisphere Energy, Inc. (Hemisphere), a Delaware corporation. As part payment for said property, Hemisphere delivered to Carmel two vendor's lien notes, each dated April 1, 1970, for $30,000.00 and $418,734.49. These two notes were additionally secured by deed of trust liens created by one certain deed of trust for the benefit of Carmel and naming Defendant Schulz as Trustee. Plaintiff acquired title to said real property by deed dated July 30, 1970, and, as a part of the purchase price, Plaintiff assumed payment of the indebtedness evidenced by the two vendor's lien notes above described. On April 23, 1971, Defendant Carmel, claiming Plaintiff defaulted in the payment of the $418,734.49 note, accelerated the maturity of the unpaid installments, and demanded payment of principal and accrued interest in full. Plaintiff defends against this action by alleging, in effect, it was not in default because it had been willing and able to make the payments required.

Payment of said note was not made and, on August 31, 1971, Defendant Harry J. Schulz, as Trustee of said deed of trust, upon the request of Defendant Carmel, did proceed to enforce such deed of trust by posting notices of a Trustee's sale, as provided for under the terms of the deed of trust. Thereafter, a public sale was held on September 7, 1971, as provided for in the notice, and all in accordance with the terms of the deed of trust. The property was sold by the Trustee to Defendant Carmel for $150,000.00.

The parties are in accord that this United States District Court may entertain this action only if the Trustee's sale constitutes state involvement and thus gives rise to a federal question. Plaintiff's claims for relief do not become material unless this Court has jurisdiction of this controversy.

At this point, we need to determine if an individual, acting pursuant to contract provisions contained in a deed of trust, becomes a representative of the State of Texas, or a political subdivision thereof, by posting notices and thereafter standing on the courthouse steps and following procedures which the Texas statute, Article 3810, permits. Such a situation is easily distinguished from Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), in which the use of judicial process by the creditors provided the requisite state action. So, we need not discuss those two cases.

In Hall v. Garson, 468 F.2d 845 (5th Cir. 1972), the Court held unconstitutional the Texas Landlord's Lien Act, which gave landlords a lien on the personal goods of tenants and authorized

---

1. In view of the Court's decision to dismiss this action, the Court will not reach the question of whether the procedure under Article 3810, V.T.C.S., constitutes a taking and deprivation of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. However, it does not seem im-

proper to point out that D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), deals with that principal issue in a case where an Ohio state statute authorizing a cognovit note was attacked. Article 3810 here involved is similar in effect to the cognovit statute, which was upheld.

them to enforce the lien by peremptory seizure of the tenant's property, without affording the tenant a prior hearing. The Fifth Circuit noted that the statutory authorization for the landlord to enter another's home and seize his property made the landlord's "actions those of the state." The procedure followed in Hall v. Garson, supra, was solely one created by statute. The action taken was not pursuant to any agreement between the parties involved.

In contrast to the statute in Hall v. Garson, supra, Article 3810 relates to land and confers no power or authority upon anyone to do anything, as may be seen from the opening sentence of the statute:

"All sales of real estate made under *powers conferred* by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. . . . " (Emphasis added.)

This sale under said deed of trust statute further provides for notice and for all sales to be made at public vendue between the hours of 10 o'clock a. m. and 4 o'clock p. m. on the first Tuesday in any month. But, these provisions are not self enacting. They mean nothing unless the persons involved contract to use them. No sale can be made unless the contract so provides. Further, it is worth noting that dealing with land is much different than with movable personal chattels which can be secreted, damaged or destroyed. The land will not go away and the sale under the powers in a deed of trust only transfers title, not possession. Further relief is available to the debtor, if he is entitled to any. If just cause exists, the sale may be set aside.

The Plaintiff places great store in the majority holding of Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967). There, the majority (four judges dissenting) held that a California constitutional amendment which prohibited the state from regulating the freedom of a person to deal with his real property violated the Fourteenth Amendment. The Court recognized that no act by a state official was involved, yet, because the right to discriminate on racial grounds was embodied in the state's basic charter, the amendment would involve the state in private discrimination. However, the Court, citing Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81, S.Ct. 856, 6 L.Ed.2d 45, made it clear that it was not trying to establish "an infallible test" and said, 387 U.S. on page 378, 87 S.Ct. on page 1633:

" 'Only by sifting facts and *weighing circumstances*' on a case-by-case basis *can a 'nonobvious involvement of the State* in private conduct be attributed its true significance.' " (Emphasis added.)

We do not consider *Reitman* as authority for a plaintiff, in this case or any other, to set aside commercial self-help provisions contained in deeds of trust such as we have here or security agreements authorized by the Uniform Commercial Code. Adams v. Southern California First National Bank, 492 F.2d 324 (9th Cir. 1973); Kirksey v. Theilig, 351 F.Supp. 727 (D.Colo.1972); Pease v. Havelock National Bank, 351 F.Supp. 118, 121 (D.Neb.1972). The Court recognizes that some cases hold that state action is involved in Uniform Commercial Code cases, but it is not inclined to follow them. We think that the following quoted language in the *Pease* case is apt:

" . . . if it is to be said that any act by an individual is state action if the state's law permits it, almost every act by an individual becomes state action."

This Court concludes that a sale pursuant to the provisions of a deed of trust, to which instrument the aggrieved Plaintiff was a party, does not involve significant state action to make a federal case out of it. This is so even if Article 3810 does permit the proceeding. So, Defendants' motions to dismiss for want of jurisdiction must be, and they

are hereby, granted. Accordingly, the substantive questions need not be addressed. This Court does not, of course, in any way, interfere with Plaintiff's right to pursue this litigation in the proper state forum.

It is, therefore, ordered that this action be, and it is hereby, dismissed, at the cost of Plaintiff. This is a final judgment.