Cynthia JOHNSON et al.,
Plaintiffs,

v.

RIVERSIDE HOTEL, INC., a Florida Corporation, and Joseph Batko,
Defendants,

State of Florida, Intervenor.

No. 74-1544-Civ-WM.

United States District Court,
S. D. Florida.

Aug. 7, 1975.

Legal Services of Greater Miami, Inc. by Mary Jo Francis, Miami, Fla., for plaintiffs.

Margarita Esquiroz, Asst. Atty. Gen., Miami, Fla., for intervenor.

Dudziak, Jaczynski, Cunningham & Wilensky, by Cornelius E. Cunningham, Miami, Fla., for defendants.

### ORDER OF SUMMARY JUDGMENT

MEHRTENS, District Judge.

This cause came before the Court upon cross motions for Summary Judgment filed by the attorneys for the Plaintiffs and for the Intervenor, the State of Florida. A default has been entered against the Defendants, so the factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51 (2nd Cir. 1971).

This is an action brought pursuant to 42 U.S.C. § 1983 for injunctive and declaratory relief, and for damages. The Court invoked jurisdiction of this cause pursuant to 28 U.S.C. § 1343(3).

The instant case is not a case for a three-judge court because the injunction sought here is against a hotel operator (as more fully described below), not a state officer for purposes of 28 U.S.C. § 2281.

■ The laws being challenged are the Florida Innkeeper's Lien statutes, Florida Statutes §§ 713.67, 713.68, and 713.69, which provide as follows:

713.67 Liens for board, lodging, etc., at hotels, etc.

In favor of keepers of hotels, apartment houses, rooming houses, and boarding houses for the board, lodging and occupancy of and for moneys advanced to transient guests or tenants, upon the goods and chattels belonging to such guests or tenants in such hotel, apartment house, rooming house or boarding house, including garage and storeroom. Upon the non-payment of such sums in accordance with the rules of such hotels, apartment houses, rooming houses or boarding houses, the keeper thereof may instantly eject such transient guests or tenants therefrom.

713.68 Liens for hotels, apartment houses, rooming houses, boarding houses, etc.

In favor of any person conducting or operating any hotel, apartment house, rooming house, boarding house or tenement house where rooms or apartments are let for hire or rental on a transient basis. Such lien shall exist on all the property including trunks, baggage, jewelry and wearing apparel, guns and sporting goods, furniture and furnishings and other personal property of any person which property is brought into or placed in any room or apartment of any hotel, apartment house, lodging house, rooming house, boarding house or tenement house when such person shall occupy, on a transient basis, such room or apartment as tenant, lessee, boarder, roomer or guest for the privilege of which occupancy money or anything of value is to be paid to the person conducting or operating such hotel, apartment house, rooming house, lodging house, boarding house or tenement house. Such lien shall continue and be in full force and effect for the amount payable for such occupancy until the same shall have been fully paid and discharged.

713.69 Unlawful to remove property upon which lien has accrued

It is unlawful for any person to remove any property upon which a lien has accrued under the provisions of § 713.68 from any hotel, apartment house, rooming house, lodging house, boarding house or tenement house without first making full payment to the person operating or conducting the same of all sums due and payable for such occupancy or without first having the written consent of such person so conducting or operating such place to so remove such property. Any person violating the provisions of this section shall, if the property removed in violation hereof be of the value of fifty dollars or less, be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083; and if the property so removed should be of greater value than fifty dollars then such person shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

These statutes authorize the summary seizure of a transient guest's property and the summary eviction of a transient guest by an innkeeper, without notice or hearing. Said statutes become operative with a mere statement by the innkeeper to the guest that monies are owed, and provide criminal penalties if the guest attempts to remove the property after a lien has attached. The procedure generally followed by innkeepers alleging rent is due is to exclude guests from their rooms, while locking their belongings inside. This procedure is in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, since it does not provide for notice or hearing prior to the taking.

The Court is of the opinion that the landlord can sufficiently protect his economic interests by delivering the delinquent guest's belongings to him and by

barring him from further occupancy of his room. The Court finds no exigent circumstances which could justify the State's authorization of a taking of the guest's property without prior notice and hearing. The Court also finds the post-seizure procedures provided by Fla. Stat. § 85.011 do not cure the constitutional defects of Fla.Stat. §§ 713.67–.69.

■ Both 42 U.S.C. § 1983 and 28 U.S.C. § 1343 require that a person must be subjected to deprivation of a constitutional right by one acting under color of state law before their protections may be invoked. The Defendants here acted under the authority of Fla.Stat. §§ 713.-67–.69 when they enforced the "Innkeeper's Lien" by confiscating the Plaintiffs' property. The reasoning in *Hall v. Garson*, 430 F.2d 430 (5th Cir. 1970) is controlling:

> In this case the alleged wrongful conduct was admittedly perpetrated by a person who was not an officer of the state or an official of any state agency. But the action taken, the entry into another's home and the seizure of another's property, was an act that possesses many, if not all, of the characteristics of an act of the State. The execution of a lien, whether a traditional security interest or a quasi writ of attachment or judgment lien has in Texas traditionally been the function of the Sheriff or constable. Thus Article 5238a vests in the landlord and his agents authority that is normally exercised by the state and historically has been a state function.

Since *United States v. Classic*, 1941, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368, a case involving irregularities in the conduct of a state Democratic Party primary, the question of state action has been whether the alleged wrongdoer was dressed with state authority. As Mr. Justice Stone said in *Classic*, the misuse of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law, is

state action taken 'under color of state law'." 313 U.S. at 326, 61 S.Ct. at 1043, 85 L.Ed. at 1383. And here Sylvia's (the landlord's) action, which was traditionally a state function, was draped with such authority. (Footnotes omitted) at 439.

The execution of the Landlords' lien in Florida was traditionally a function of the Sheriff. (Florida's Distress Statutes §§ 83.08, 83.09, 83.11–83.15, 83.18 and 83.19 were declared unconstitutional by this Court in 1973 in *Stroemer v. Shevin*, 399 F.Supp. 993, U.S.D.C., So. Dist., 1973). Thus Florida's Innkeepers' Lien statutes bring the innkeeper's actions within the meaning of state action since they "vest in the landlord and his agents authority that is normally exercised by the state and historically has been a state function."

## FINDINGS OF FACT

The Plaintiffs became tenants at the Turf Motel, a multi-unit public lodging establishment owned by Riverside Hotel, Inc., on September 3, 1974, at 10:30 p.m. The Plaintiffs are CYNTHIA JOHNSON, an adult woman, and her two children, ARNETTE and ADRIENNE, aged two and four years at the time of the incident. The Plaintiffs are transients within the meaning of the statutes in question. The Defendant, JOSEPH BATKO, manages the Turf Motel and is President of Riverside Hotel, Inc.

On September 3, 1974, Plaintiff, CYNTHIA JOHNSON paid $55.12 to Defendant BATKO or his agents as one week's rent in advance (covering the week ending September 10, 1974) for herself and her children on an efficiency apartment in the Turf Motel. At the time they registered they had with them everything they owned. On September 10, 1974, the Plaintiffs returned to their efficiency at 6:00 p.m. and found that Defendant or his agents or employees had placed a padlock on their door and told them they would only be allowed to enter the room to reclaim their belong-

ings after they had paid one day's rent, $12.38. When they informed the Defendant that they did not have that amount of money, the Defendant confiscated their suitcase, family pictures, wigs, jewelry, toilet articles, television, clock, the children's playthings, and all of the shoes, clothing and underclothes excluding what they were wearing at the time, that Plaintiff, CYNTHIA JOHNSON and her children owned. No notice of the motel's 12:00 noon checkout time was posted and the Plaintiffs were unaware that they were not fully paid through the day ending September 10. Plaintiffs called the police to seek assistance in regaining possession of their apartment and belongings. The police informed the Plaintiffs that the Defendant was acting pursuant to the authority of a State law and they were not authorized to assist the Plaintiffs. Plaintiffs, through their attorney, made additional requests to the Defendant and his agents for the return of Plaintiffs' possessions, but these requests were also denied.

## CONCLUSIONS OF LAW

Florida Statutes §§ 713.67, 713.68 and 713.69 are unconstitutional in that they authorize the taking of property without due process of law, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In determining the constitutionality of the foregoing statutes, this Court is governed by the following decisions: *North Georgia Finishing v. Di-Chem*, 419 U.S. 601, 95 S.Ct. 719, 42 L. Ed.2d 751, (1975); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Klim v. Jones*, 315 F.Supp. 109 (N.D.Cal.1970); *Collins v. Viceroy Hotel*, 338 F.Supp. 390 (N.D.Ill.1972); and *Hall v. Garson*, 468 F.2d 845 (5th Cir. 1972). Thereupon it is

Ordered and adjudged that the Plaintiffs' Motion for Summary Judgment be and the same is hereby granted. Florida Statutes §§ 713.67–.69 be and the same are declared unconstitutional on their face and as applied to the Plaintiffs herein.

The Defendant and his agents are hereby enjoined from acting pursuant to the foregoing statutes. A hearing will be scheduled in the future as to the amount of damages only.