# Lewis's Appeal.

1. A lessor died during the term having devised the premises to his wife for life. *Held,* that she might distrain for rent in arrear under the lease.

2. She was consequently entitled to receive the rent due from the proceeds of sheriff's sale of tenant's goods on the premises, although the term had expired and the tenant was holding under a new lease from herself.

3. The landlord's right to receive his rent from a sheriff's sale depends upon his right to distrain the goods sold.

4. The landlord may distrain whenever the rent is in arrear and he retains the title.

5. The landlord's right to distrain is without limitation as to time.

October 28th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Indiana county :* No. 211, to October and November Term 1870. In the distribution of the proceeds of sheriff's sale of the personal property of James W. Mahan.

On the 25th of February 1868, Henry Kinter leased a tavern to Mahan for one year from the first day of the following April, at the rent of $475, payable quarterly. Henry Kinter died in September 1868, devising the tavern to his wife Catharine for life. There was a receipt without date on the lease, by one of the executors, for $160, " leaving a balance due on 1st and 2d quarterly payments of $44."

On the 17th of February 1869, the widow leased the same premises to Mahan for one year from the next 1st of April, at the rent of $475, payable quarterly. The amount due April 1st 1869 to the widow under the lease to her husband and the devise was for three quarters, or $356.25. Executions, one at the suit of William Sims, for $475, were issued against Mahan, and his goods levied on. Up to the day of sale, December 17th 1869, various payments had been made to Mrs. Kinter, and on that day she gave the sheriff notice that there was due to her for rent in arrear

[Lewis's Appeal.]

the sum of $243.26, which was in fact less than was due to her. The proceeds of the sheriff's sale were brought into court. The auditor to whom the distribution was referred, awarded $243.26 to Mrs. Kinter, and after awarding the amount due on another execution and costs, reported $39.89 to Lewis. The Court of Common Pleas confirmed the report.

Lewis appealed to the Supreme Court, and assigned the decree of confirmation for error.

*J. M. Thompson* (with whom was *D. S. Porter*), for appellant.— None but the immediate landlord is entitled to rent from the proceeds of a sheriff's sale: Bromley v. Hopewell, 2 Harris 400; Comm'th. v. Conter, 9 Id. 266; Greider's Appeal, 5 Barr 422.

*H. W. Weir* (with whom were *Taylor & Morehead*), for appellee. —The wife was entitled to the rent of the first year as reversioner: Coke Litt. 47 a, 143 a, 3 Bacon's Ab. 62, 63; Johnson v. Smith, 3 Penna. R. 500; Bank of Penna. v. Wise, 3 Watts 404; Woodfall Land. & T. 305, 2 Black. Com. 41, 42; 3 Kent's Com. 469. Rent is never apportioned in respect to time: Clem's Case, 10 Rep. 127; Jenner v. Morgan, 1 P. Wms. 392; Hay v. Palmer, 2 Id. 502, Litt. § 222; Gilbert on Rents 152, 163, 164; Co. Litt. 147 b, 148 a. Distress may be taken for any kind of rent in arrear: 3 Black. Comm. 6 Coke Litt. 214. The landlord's right to his rent from the proceeds of sheriff's sale depends on his right to distrain the goods levied on: Moss's Appeal, 11 Casey 162; Rowland v. Goldsmith, 1 Am. Law Reg. 632; Parker's Appeal, 5 Barr 393; West v. Sink, 2 Yeates 274; Binn v. Hudson, 5 Binn. 505; Morgan v. Moody, 6 W. & S. 333; Collins's Appeal, 11 Casey 83; Ege v. Ege, 5 Watts 134; Wickey v. Eyster, 8 P. F. Smith 501.

The opinion of the court was delivered, January 3d 1871, by

WILLIAMS, J.—By a devise of the reversion the rent with its incidents passes to the devisee, and consequently the appellee became entitled to the rent of the demised premises, devised to her for life, which fell due after her husband's death, and she might have distrained for it as incident to the reversion. It is true, that at common law distress for rent was allowed only during a subsisting tenancy, but the remedy by distress was extended by the Statute 8 Anne, ch. 14, which provided that if a tenant retained possession of the estate after the expiration of his tenancy, the landlord, if his interest continued, might distrain within six months for the rent due and unpaid. The right of distress was further enlarged by our Act of the 21st March 1772, which declares that "it shall and may be lawful for any person or persons having any rents in arrear, or due upon any lease for life or

[Lewis's Appeal.]

lives, or for one or more years, or at will, ended or determined, to distrain for such arrears, after the determination of the said respective leases, in the same manner as they might have done if such lease or leases had not been ended or determined—provided, that such distress be made during the continuance of such lessor's title or interest." There can be no doubt of the appellee's right, under the provisions of this act, to distrain the goods of the tenant on the demised premises, at the time of the sheriff's sale, for the arrears of rent which accrued under the original lease, after her husband's death, notwithstanding the expiration of the term and the subsisting tenancy under the new lease. And, therefore, she was entitled, under the Act of 1836, to payment out of the proceeds of the sheriff's sale. The landlord's right to be paid out of the proceeds of sale, as ruled in Moss's Appeal, 11 Casey 162, depends on his power to distrain on the goods sold; and a landlord having power to distrain, after the determination of the term, is entitled to payment out of the proceeds of a sheriff's sale of goods found on the premises, under an execution against the lessee. His right to distrain, after the termination of the term, is without limitation as to time; the statute gives him this right whenever the rent is in arrear, and he retains the title. It follows that the court below was clearly right in decreeing the payment of the arrears of rent in controversy out of the proceeds of sale for distribution.

Decree affirmed at the costs of the appellant.