**Leroy STOTS, Jr. and Dean A. Nance**

v.

**MEDIA REAL ESTATE CO. and Fred J. Contino.**

**Civ. A. No. 71–472.**

United States District Court,
E. D. Pennsylvania.

March 7, 1973.

Sharon K. Wallis, Philadelphia, Pa., for plaintiffs.

· Thomas M. Kittredge, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is one of nine cases in this court[1] attacking the constitutionality of the distraint and levy provisions of the

Pennsylvania Landlord & Tenant Act of 1951, 68 P.S. § 250.302 et seq. All nine cases were originally assigned to me as related cases. In six of them,[2] three-judge courts were convened. In the first case to be filed (Santiago), Circuit Judge Van Dusen and District Judge Fullam were designated to sit with me. In all of the remaining five cases, in the interest of judicial economy, the Chief Judge of the Circuit again designated Judges Van Dusen and Fullam as members of the courts.

In Santiago v. McElroy, 319 F.Supp. 284 (E.D.Pa.1970), after full hearing, briefs and argument, we invalidated the sale provision of the Act, 68 P.S. § 250.-309, on behalf of a class of plaintiffs made up of tenants in the City of Philadelphia having incomes established by the OEO from time to time as the income of a poor urban family.

In Sellers v. Contino, 327 F.Supp. 230 (E.D.Pa.1970), we applied the Santiago holding to Delaware County. At the same time, we refused to find any Fourth Amendment violation or that the leaving of a distraint notice constituted any deprivation of the use of property as long as the property was left on the premises.

In Gross v. Fox, we filed two opinions. In the first, filed June 30, 1972, (E.D.Pa.1972), we held "that where, as in the instant case, a constable (acting pursuant to the authorization of the landlord and under color of the Pennsylvania Landlord and Tenant Law, 68 P.S. § 250.302 et seq.) enters a tenant's premises to seize the tenant's goods or to effect a distraint without the tenant's knowing and understanding consent to such entry where there has been no prior judicial determination of the tenant's default under the lease after notice

1. Santiago, et al. v. McElroy, et al., Civil Action No. 69–2792; Sellers et al. v. Contino, et al., Civil Action No. 70–1946; Davis, et al. v. Jacobs, et al., Civil Action No. 70–2556; Hartman v. Melvin, et al., Civil Action No. 70–3014; Gross v. Fox, et al., Civil Action No. 70–3303; Stots, et al. v. Media Real Estate Co., et al., Civil Action No. 71–472; Carney v. Jacobs, Civil Action No. 71–1985; Rivera v. Schaich, et al., Civil Action No. 71–2529; Czarnecki v. Chrusciel, et al., Civil Action No. 71–2719.

2. Santiago, Sellers, Davis, Hartman, Gross and Rivera.

and hearing, such entry is in violation of the Fourth and Fourteenth Amendment civil rights of the tenant." We further held:

"However, we do not believe that the circumstances presented in this one case justify the issuance of a declaratory judgment that the distraint procedure embodied in the Pennsylvania Landlord and Tenant Act itself amounts to a violation of the tenant's Fourth and Fourteenth Amendment civil rights."

Finally, however, in the second Gross opinion, filed on October 24, 1972, 349 F.Supp. 1164 (E.D.Pa.1972), we vacated our opinion of June 30, 1972 and said (349 F.Supp. at p. 1168):

"We now hold that Sections 302 et seq. of the Pennsylvania Landlord and Tenant Act, 68 P.S. § 250.302 et seq., are unconstitutional on their face because they permit a landlord to levy on the property on a tenant's premises without prior notice or hearing in violation of the Fourteenth Amendment's due process clause."

In this case plaintiffs have not requested a three-judge court. Feeling bound by the holding in Gross, I entered an order on December 5, 1972 in favor of plaintiffs, but erroneously restrained defendant Contino from acting under the statute, relief which I am now advised is moot. Defendants have moved for reconsideration. I will enter an appropriate order modifying the order of December 5, 1972.

Defendants have also moved (1) that a three-judge court be convened; and (2) that they have an opportunity to present evidence, briefs and oral argument. I will deny both requests for the reasons which follow.

▇ 1. The history of the three-judge court statute shows that it grew out of a Congressional desire to alleviate state resentment at a declaration of unconstitutionality of a state statute by a single federal judge. See 1910, 42 Cong.Rec. 4847, 4853. In this case, that Congressional end has now been served, since the statute has been declared unconstitutional by a three-judge court. See Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

2. There is no doubt that the three-judge court procedure "entails a serious drain upon the federal judicial system * * *." Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941). "At a time when courts are heavily burdened, it strains the system to have three judges doing that which one judge could do." A.L.I., "Study of the Division of Jurisdiction", p. 317 (1969). It is, I think, not presumptuous to assume that Chief Judge Seitz would, as he has previously done, designate the same three judges to sit on any hearing involving the constitutionality of the Act. It would be a meaningless charade for Judges Van Dusen, Fullam and me to sit in solemn conclave, read briefs and hear arguments on a matter every aspect of which we have already thoroughly considered and determined.

3. In Bailey v. Patterson, 369 U.S., at page 33, 82 S.Ct., at page 551, *supra* the Court said:

"We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is not unconstitutional."

It is true that the impropriety of three-judge court convenings because of patent *unconstitutionality* rests on Supreme Court decisions indistinguishable from the case in which the three-judge court was sought. Nonetheless, it seems to me that in the present context, the language of Chief Judge Friendly, in Utica Mutual Ins. Co. v. Vincent, 375 F. 2d 129, 131 fn. 1 (C.A.2, 1967), applies with equal vigor:

"1. The classical theory, stated in Ex parte Poresky, supra, 290 U.S. [30] at 31, 54 S.Ct. [3] at 4, [78 L.Ed. 152] is that 'the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction.' A more realistic explanation, which also justifies

---

the rule of Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), that three judges are not required when 'prior decisions made frivolous any claim that a state statute on its face is not unconstitutional,' and is intimated in that opinion, is that Congress could not have intended to require three judges to be assembled *when decision could not possibly go in any manner save one.* This rationale would also authorize a single judge to dismiss a complaint asserting a frivolous constitutional claim in the unusual case where diversity jurisdiction existed." (Emphasis added.)

Considering the research, analysis and thought involved in reaching our considered conclusion in Gross II, any decision on defendants' motion "could not possibly go in any manner save one." In my judgment, it is not necessarily the source of the outcome; it is its certainty.

■ As to defendants' motion to present evidence, I see nothing but a ritualistic time consumption. Had we held § 250.302 et seq. of the Act unconstitutional as applied, there might be some room for a showing that these defendants observed all constitutional mandates. But we did not do that. We held the legislatively sanctioned procedures unconstitutional because they *permitted* invasions of protected rights. Evidence of what defendants did cannot amend what the legislature has said they may do. The vice is in permissive activity, not individual actual activity. Since it was permissive procedures that led to a holding of facial unconstitutionality, I see no relevance to any evidence that these particular defendants may have been constitutional white-hats.

For the foregoing reasons, I will enter a modified order in the form attached. I will deny defendants' other requests.

### ORDER

And now, this 7th day of March, 1973, it is ordered that the Order heretofore entered on December 5, 1972 be and it hereby is vacated.

It is further ordered that pursuant to the decision and order in Gross v. Fox, et al., Civil Action No. 70–3303, entered November 20, 1972, a declaratory judgment is hereby entered declaring that Section 302 et seq. of the Pennsylvania Landlord and Tenant Act of 1951, 68 P. S. § 250.302 et seq., are unconstitutional on their face, invalid and void insofar as, and because, they permit a landlord to levy upon property found on leased premises without prior notice and a prior hearing in violation of the Fourteenth Amendment's due process clause. The defendant Media Real Estate Company is hereby ordered to return to the plaintiffs any and all property belonging to them which it is holding pursuant to and under color of the statutory provisions herein declared to be invalid and void.