**LaFaye ANDERSON, Plaintiff,**

**v.**

**BARNETT FIRST NATIONAL BANK OF JACKSONVILLE, a banking corporation, Defendant.**

**Civ. A. No. 1250-S.**

United States District Court,
M. D. Alabama, S. D.

May 29, 1973.

John Martin Galese, Birmingham, Ala., for plaintiff.

Joel M. Nomberg, Stokes & Nomberg, Daleville, Ala., for defendant.

### ORDER

JOHNSON, Chief Judge.

Upon consideration of plaintiff's motion for summary judgment and her mo-

tion to set aside this Court's order disallowing this cause to proceed as a class action, it appears that the only factual issues disputed by the defendant are whether plaintiff has suffered any deprivation of property by reason of the levy on her mobile homes and whether defendant currently has any other conditional sales contracts with citizens of Alabama.

As for the first issue, it was undisputed at the pretrial hearing in this cause that plaintiff put up no money for the bond which permitted her to retain custody of the mobile homes. Defendant's objection that plaintiff has suffered no loss amounts to an objection that plaintiff has no standing to sue, since she has not been injured by the operation of the detinue statute. It is clear, however, that for standing purposes plaintiff has been threatened with a deprivation of property. It is also clear that, had it not been for the fortuitous act of a friend in signing a bond in the case, either plaintiff's mobile homes would have been seized or she would have had to go to the expense of posting bond, thus actually depriving her of property. The only question is what significance should be attached to the action of plaintiff's friend.

The answer to this question is perhaps best indicated in the recent case of Stots v. Media Real Estate Co., 355 F.Supp. 240 (E.D.Pa.1973), in which the court denied a defendant's motion to present evidence in an action attacking the constitutionality of the distraint and levy provisions of Pennsylvania's landlord-tenant act, where the provisions had previously been declared facially unconstitutional. The court stated that:

> Had we held . . . the Act unconstitutional as applied, there might be some room for a showing that these defendants observed all constitutional mandates. But we did not do that. We held the legislatively sanctioned procedures unconstitutional because they *permitted* invasions of protected

rights. Evidence of what defendants did cannot amend what the legislature has said they may do. The vice is in permissive activity, not individual actual activity.

Similarly, because the plaintiff in the present case was threatened with a deprivation of property pursuant to a statute effectively declared in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), to be facially unconstitutional, the fact that she was able to stave off the actual deprivation at no immediate cost to herself is immaterial.

The only remaining issue is whether the action should be allowed as a class action. Plaintiff was given until May 18, 1973, to file evidence to support her contention on information and belief that the defendant had contracts with other residents of Alabama. She has filed no further evidence. Defendant has filed an affidavit which indicates that none of the conditional sales contracts previously adduced by the plaintiff are operative. Thus, there is still no evidence that the particular class which plaintiff has sought to represent exists. As a practical matter, however, a declaration that the statute is facially unconstitutional will grant relief to any such class members if they do exist.

Accordingly, it is the Order, Judgment and Decree of this Court:

1. That plaintiff's motion to set aside the order entered in this cause on March 27, 1973, wherein the class action aspect of the case was dismissed, be and the same is hereby denied;

2. That plaintiff's motion for summary judgment be and the same is hereby granted;

3. That Title 7, Section 918 of the Code of Alabama (Recomp. 1958) be and the same is hereby declared unconstitutional in that it contravenes the Fourteenth Amendment to the Constitution of the United States by allowing plaintiff to be deprived of her property without due process of law;

4. That the replevin bond heretofore entered into by the plaintiff and others in the sum of $18,000.00 be and the same is hereby set aside;

5. That the defendant be and is hereby permanently enjoined from initiating the seizure of plaintiff's property pursuant to Title 7, Section 918, of the Code of Alabama (Recomp. 1958);

6. That the costs incurred in this proceeding be and the same are hereby taxed against the defendant.