**Ocie YATES, Individually and on behalf of all others the same or similarly situated, Plaintiff,**

v.

**SEARS, ROEBUCK AND COMPANY, a Corporation, et al., Defendants.**

**Civ. A. No. 3923-N.**

United States District Court,
M. D. Alabama, N. D.

July 10, 1973.

As Amended Aug. 8, 1973.

Cleveland Thornton, Gray, Seay & Langford, Tuskegee, Ala., for plaintiff.

Leslie Hall, Asst. Atty. Gen., Montgomery, Ala., for the State.

Charles E. Porter, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for Sears, Roebuck and Co.

## ORDER

VARNER, District Judge.

This cause is submitted for final decree on the pleadings and stipulation of all parties.

Plaintiff brought a § 1983 class action alleging denial of due process on the theory that Title 7, § 918 is facially unconstitutional. Title 7, § 918 of the Code of Alabama is as follows:

"When a suit is brought for the recovery of personal chattels in specie, if the plaintiff, his agent, or attorney, make affidavit that the property sued for belongs to the plaintiff, and execute a bond in such sum, and with such surety as may be approved by the clerk, with condition that if the plaintiff fail in the suit, he will pay the defendant all such costs and damages as he may sustain by the wrongful complaint, it is the duty of the clerk to indorse on the summons that the sheriff is required to take the property mentioned in the complaint

into his possession, unless the defendant give bond payable to the plaintiff, with sufficient surety, in double the value of the property, with condition that if the defendant is cast in the suit he will, within thirty days thereafter, deliver the property to the plaintiff, and pay all costs and damages which may accrue from the detention thereof."

Ocie Yates bought a sewing machine from Sears, Roebuck and Company, Inc. (hereinafter referred to as Sears) under a retail installment contract and accompanying security agreement which provided for 30 monthly payments. Plaintiff made four monthly payments in January, February, March and April of 1972.

On September 27, 1972, Sears filed an action in detinue together with bond and affidavit pursuant to Code of Alabama, Title 7, § 918, seeking return of the sewing machine. On October 5, 1972, Plaintiff was served with a summons and complaint while the sheriff simultaneously took possession of the sewing machine. Plaintiff Yates received no notice or hearing prior to being deprived of possession of the sewing machine.

Alabama's Detinue Statute, Title 7, § 918, is virtually identical to the Florida Replevin Statute which was found unconstitutional in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Both statutes provide for seizure of property by state agents upon the *ex parte* application of a private party who claims a right to the property and is willing to post a security bond. Neither statute provides for notice or a prior hearing. In fact, Title 7, § 918 has already been ruled unconstitutional in Anderson v. Barnett First National Bank of Jacksonville, 60 F.R.D. 104, M.D. of Ala. (1973). In light of Fuentes v. Shevin, supra, it is

Ordered, adjudged and decreed by this Court:

1. That Title 7, § 918, Code of Alabama be, and the same is hereby, declared unconstitutional in that it contravenes the Fourteenth Amendment to the Constitution of the United States by allowing Plaintiff to be deprived of her property without due process of law;

2. That Defendants be, and they are hereby, permanently enjoined from enforcing or acting pursuant to authority granted under Title 7, § 918, Code of Alabama, against the Plaintiff and the class she represents;

3. That the Defendant, Sears, Roebuck and Company, Inc., shall return the property to the Plaintiff and that Plaintiff shall promptly commence payments upon return of said property without the payment of any late charges;

4. That the Defendant, Sears, Roebuck and Company, Inc., shall pay the Clerk of this Court the sum of $575.00 to recompense Plaintiff for damages, expenses, attorney's fees, court costs and all other damages or losses suffered in connection with the loss and deprivation of the property; and

5. That the Clerk of this Court shall deduct the court costs incurred in this proceeding and pay the remaining sum of money to the Hon. Cleveland Thornton for damages, expenses and attorney's fees.

This order is in no way prejudicial to rights of Defendants to hereafter bring a proceeding in common law detinue for any default in payment subsequent to this order.

Nothing in this order shall be construed to indicate that said § 918 is unconstitutional or void when utilized pursuant to the provisions of Code of Alabama, Rules of Civil Procedure, Rule 64. Questions of the constitutionality of said rule or of Code of Alabama, Title 7, § 918, when applied pursuant to said Rule 64, were not before this Court at the time of issuance of this order.