Susan **GROSS**, Devon-Strafford Apartments, Inter. Plff. on behalf of herself and all others similarly situated

v.

J. Wilson **FOX**, Deputy Constable, et al., Appellants.

No. 73–1030.

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 1973.

Decided April 12, 1974.

Milton S. Lazaroff, Philadelphia, Pa., for appellants.

Sharon K. Wallis, Stephen A. Sheller, Philadelphia, Pa., for appellee.

Before HASTIE, ALDISERT and WEIS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

In September of 1970 Susan Gross, the plaintiff-appellee, became a tenant of defendant Devon-Strafford Company, owner of an apartment building. In November of the same year Devon-Strafford caused the defendant J. Wilson Fox, a deputy constable, to execute a distraint upon Gross' possessions, pursuant to the Pennsylvania Landlord and Tenant Act of 1951, 68 P.S. § 250.302. Fox entered the leased premises, removed a television and a clock-radio, and posted a distraint notice on the outside of the apartment door.

Plaintiff then filed her original complaint, denominating it a class action on behalf of all renters of real property in Pennsylvania. She requested temporary and permanent injunctive relief, as well as a declaration that the distraint statute was unconstitutional on its face. She made no request for damages in that complaint.

After a three-judge district court had been convened to hear the case, the defendant returned the television and the clock-radio and withdrew the distraint.

Following an initial hearing in January 1971, the district court determined that Gross would not fairly and adequately represent the class and denied

class action status to the suit.[1] In April 1971 Gross, pursuant to notice that she had given, vacated the premises and terminated her lease. She subsequently filed an amended complaint which contained three counts and again purported to be a class action.[2] Count I was substantially the same as the initial complaint; count II sought damages under both the United States Constitution and Pennsylvania law for Fox's entries into her home and removal of her property; and count III sought damages in libel based on the language of the publicly exposed distraint notice.

The court severed counts II and III from the amended complaint for trial before a single judge. The three-judge court held another hearing on count I, and, on a stipulated set of facts, eventually [3] granted plaintiff the declaratory judgment from which defendants took the present appeal.[4] That judgment declared the distraint statute to be unconstitutional on its face for failure to require prior notice and hearing.

Appellants urge that the controversy over the constitutionality of the statute was mooted when Gross vacated the leased premises. Appellee predicates her contrary contention upon the circumstance that her claim for damages, still pending before a single judge, may depend upon the constitutionality of the distraint statute. Thus, the decision appealed from may have a function in the resolution of an outstanding controversy.

But the district court can face the constitutional question if and when it is presented in the damage action. Plaintiff has no need of a separate judgment declaring the statute void, for her only interest is in recovery of damages. Although necessity is not always a prerequisite to declaratory relief,[5] in this case the lack of need combines with several independent factors to cause us to conclude that declaratory relief should have been denied,[6] whether or not, in a technical view, the controversy is moot.

First, courts generally try to avoid reaching constitutional issues, especially where, as here, a federal court is asked to pass on a state statute, and the question is not free from doubt. The damage action may be decided without resolution of the constitutional issue, if the facts are disputed,[7] or if a defense of immunity or good faith is asserted,[8] or if Constable Fox should be held not to be a state official.[9]

---

1. Apparently that finding was based on the withdrawal of the distraint, subsequently reinforced by Gross' departure from the premises.

2. Although the district court did not explicitly rule on the class action allegations in the amended complaint, plaintiff's counsel conceded at oral argument that the action was not accorded class status.

3. The district court's first opinion did not reach the constitutionality of the statute, but, upon request from all parties, that opinion was vacated and a second substituted.

4. Appeal was properly addressed to this court rather than to the Supreme Court. Gunn v. University Committee to End the War in Vietnam, 1970, 399 U.S. 383, 90 S. Ct. 2013, 26 L.Ed.2d 684.

5. Borchard, Declaratory Judgments (2d Ed. 1941) 307.

6. It is well established that issuance of a declaratory judgment is not a matter of plaintiff's right even where the court concludes that plaintiff has a valid claim against the defendant. 6A Moore, Federal Practice ¶ 57.08 [1] and cases cited therein.

7. The answers denied material facts. The stipulation applied solely to count I.

8. *Compare*, Johnson v. Alldredge, 3d Cir. 1973, 488 F.2d 820 (good faith and immunity) *with* Fidtler v. Rundle, 3d Cir. 1974, 497 F.2d 794 (good faith and immunity), *and* Bracey v. Rundle, E.D.Pa.1973, 368 F.Supp. 1186 (good faith).

9. Such a ruling would destroy § 1343(3) jurisdiction. The district court might then conclude, on threshold inquiry, that the amount in controversy was less than $10,000, allegations in the complaint notwithstanding. If so, § 1331 jurisdiction would not exist.

*Cf.* Monson v. Hospitalization Com'n. for Polk County Iowa, S.D.Iowa 1972, 338 F.

Second, this declaratory judgment would not terminate the controversy between the parties, a significant factor in deciding whether it was appropriate to enter the judgment.[10]

Third, the Commonwealth of Pennsylvania did not appear below nor is it before us now. The record shows that counsel advised the Attorney General's office of the existence of the case in February 1972. Although notification was tardy—the complaint was filed in December 1970—there was probably sufficient time for the Commonwealth to defend the statute, if it had so elected. The record offers no reason for the state's failure to appear, but the state may, in a subsequent case, choose to take a position on the constitutional question.

Fourth, the procedure used below seems to open the door to piecemeal review which Congress did not intend to authorize. If we should approve this procedure, any party to a civil case might request a declaratory judgment on a particular issue of law in a pending case. If a stipulation of fact should be obtained, solely for the purpose of this request, the court could proceed to decide the issue presented and enter an appealable judgment, even though only a single issue in a pending lawsuit had been adjudicated. In effect, the requirements of certification for appeals of interlocutory orders, 28 U.S.C. § 1292(b), would be by-passed.

Finally, it is possible that the distraint statute will be amended before another complaint shall call for a declaration or an injunction in a context requiring actual interference with the duties of a state functionary. Such a turn of events would eliminate any occasion for such federal-state friction as the present declaration might engender.

Denial of declaratory relief here will not frustrate the purposes the declaratory remedy was designed to serve. One frequently articulated purpose, to permit determination of the parties' rights before damages accrue,[11] is inapplicable because whatever damage this plaintiff may claim as a result of these defendants' invocation of the state statute has already been realized in full. The second principal purpose of declaratory relief is to "serve a useful purpose in clarifying and settling the legal relations in issue".[12] True, the present judgment would help to clarify the legal relations of the parties. However, that fact lacks its usual significance in the circumstances of this case. The fact that Gross can obtain all the relief to which she is entitled in the pending one-judge proceeding without a declaratory judgment (and perhaps without any ruling on the act's constitutionality) prevents the declaratory proceeding from having more than minimal value, and that value is counterbalanced by the undesirability of two proceedings where one will do.

The judgment appealed from will be vacated, and the record remanded with instructions to dismiss count I because the declaratory relief sought is inappropriate in the posture of the litigation between the parties.

Supp. 1315, 1319–1320, in which the court was able to avoid the question of the propriety of a declaratory judgment on the validity of a state statute where its only use would be in a concurrent damage action, and the injury was complete.

10. F.R.Civ.P. 57, Notes of Advisory Committee; 6A Moore, op. cit. supra n.6, ¶ 57.08 [4]; Uniform Declaratory Judgments Act, § 6.

11. McGraw-Edison Co. v. Preformed Line Products Co., 9th Cir. 1966, 362 F.2d 339, 342, quoting, Shell Oil Co. v. Frusetta, 9th Cir. 1961, 290 F.2d 689, 691–692; Luckenbach S.S. Co. v. United States, 2d Cir. 1963, 312 F.2d 545, 548; 6A Moore, op. cit. supra n.6, ¶ 57.05 at 57–26.

12. Borchard, op. cit. supra n.5 at 299, 1st edition cited with approval in Samuel Goldwyn, Inc. v. United Artists Corp., 3d Cir. 1940, 113 F.2d 703, 709.