**LITTON BUSINESS SYSTEMS, INC.**

v.

**PAUL L'ESPERANCE, INC. and Valley Forge Office Colony, Inc.**

**Civ. A. No. 74–3134.**

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1975.

Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for plaintiff.

James Dunworth, Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

Plaintiff, Litton Business Systems, Inc., a New York corporation has filed a motion for a preliminary injunction or, in the alternative, an order requiring defendants to return to plaintiff certain property seized by defendants which rely upon the distraint provisions of the Pennsylvania Landlord and Tenant Act of 1951, 68 P.S. § 250.302 et seq.

This court has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1), since the matter in controversy exceeds the sum of $10,000 exclusive of interest and costs, and is between citizens of different states. Venue is proper pursuant to 28 U.S.C. § 1391.

Paul L'Esperance, Inc. and Valley Forge Office Colony, Inc. are Pennsylvania corporations in each of which Paul

L'Esperance and his wife are the sole stockholders.

The property in question consists of two Royal Bond Copier photocopying machines, Serial #30000 33028 and Serial #30000 34278, which Litton's Royal Typewriter Division rented to Consumers Auto Buying Service, Inc., for use in the offices which "Consumers" leased from the defendant Valley Forge Office Colony, Inc. The seizure took place after the defendant "Valley Forge" discovered that "Consumers" had vacated its office.

Acting under Article 14 of its leases with "Consumers", "Valley Forge" entered a confession of judgment against "Consumers" for the rent allegedly due from November, 1974 and for all other rent due through January 14, 1976, the expiration date of "Consumers" leases, and for interest, costs and attorneys' fees. Following this the plaintiff's property was seized.

The present state of the law is such that it is unnecessary to resolve the dispute between the parties as to whether there was strict compliance with the Pennsylvania statute.[1]

■ In a very significant case[2] in which the constitutionality of the distraint and levy provisions of the Pennsylvania Landlord and Tenant Act of 1951 was attacked in a contest between the landlord and the tenant, the court, after referring to several related cases, wrote:

" . . . A declaratory judgment is hereby entered declaring that Section 302 et seq. . . . are unconstitutional on their face, invalid and void insofar as, and because, they permit a landlord to levy upon *property found on leased premises* without prior no-

tice and a prior hearing in violation of the Fourteenth Amendment's due process clause."[3]  [Emphasis added]

■ It is immaterial that in the instant case, the issue is raised between a landlord and a third party. It should not require the citation of authority to conclude that the Fourteenth Amendment of the United States Constitution protects the rights of third parties just as it does the rights of tenants. Any doubts about a contrary conclusion are definitely laid to rest in Fuentes v. Shevin, 407 U.S. 67, 86, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556 (1972) in its determination that the Fourteenth Amendment extends "to any significant property interest".

In Anderson v. Barnett First Nat. Bank of Jacksonville[4] the constitutionality of the Alabama Detinue Statute was challenged as contravening the Fourteenth Amendment by allowing plaintiff to be deprived of her property without due process of law.

The court wrote, at page 105:

"The answer to this question is perhaps best indicated in the recent case of Stots v. Media Real Estate Co., 355 F.Supp. 240 (E.D.Pa.1973), in which the court denied a defendant's motion to present evidence in an action attacking the constitutionality of the distraint and levy provisions of Pennsylvania's Landlord-Tenant Act, where the provisions had previously been declared facially unconstitutional."

The only other case cited in support of the court's conclusion was Fuentes v. Shevin, *supra.*

The conclusion is, therefore, that the statute relied upon by defendant being unconstitutional on its face, the plaintiff is entitled to the return of its property.

1. On the basis of the record to date, the conclusion, if one had to be reached, would be that defendants did not comply with the statute and would be ordered to restore to plaintiff the seized property.

2. Stots v. Media Real Estate Co., 355 F. Supp. 240 (E.D.Pa.1973), opinion by Joseph S. Lord, III, C. J.

3. 355 F.Supp. 240, at page 243.

4. 60 F.R.D. 104 (D.C.Ala.1973).