## Lawson v. Johnson

*Stephen Bosch*, for plaintiff.
*Kenneth Shengold*, for defendant.

GUARINO, *J.*, January 4, 1980—To this action in replevin, wherein plaintiff is seeking to recover possession of personal property retained by his erstwhile landlord, the landlord has filed a counterclaim for two months' rent, damages to the apartment and other consequential damages flowing from the condition in which plaintiff left the premises. The matter is before us on plaintiff's preliminary objection to the counterclaim.

A challenge to a pleading on the ground that it does not conform to law or rule of court is available to a party on preliminary objections: Pa.R.C.P. 1017(b)(2). The only "claim that may be set forth" as a counterclaim in a replevin action is "a claim secured by a lien on the property. . . . No other counterclaim may be asserted." Pa.R.C.P. 1082(a).

A replevin action will not support a counterclaim for breach of contract. See 3 Goodrich-Amram 2d §1082(a):1. Thus, unless the defendant has pleaded a secured claim in his counterclaim, the counterclaim must be stricken.

While under Pennsylvania law a landlord is entitled to a lien on property of his defaulting tenant,[1] the right is inchoate and no lien is established until legal distraint is had as prescribed by The Landlord and Tenant Act:[2] Shalet v. Klauder, 34 F. 2d 594 (3d Cir. 1929). There is no averment in the counterclaim in question that the property was distrained or that a lien is being asserted. The counterclaim merely claims two months' rent and other damages caused by plaintiff's termination of her lease. Such claims are not cognizable in an action of replevin.

We are impelled therefore to strike the counterclaim as being in derogation of the law and the rules.

Accordingly, we enter the following

## ORDER

And now, January 4, 1980, it is hereby ordered and decreed that plaintiff's preliminary objections are sustained and defendant's counterclaim stricken.

---

1. Act of April 6, 1951, P.L. 69, 68 P.S. §250.302.

2. See Gross v. Fox, 496 F. 2d 1153 (3d Cir. 1974), and Musselman v. Spies, 343 F. Supp. 528 (M.D. Pa. 1972), as to constitutionality of procedures for distraint.