507 A.2d 1228

**Alvin JOHNSON, Appellee,**

**v.**

**EARL SCHEIB, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1986.

Filed March 26, 1986.

Reargument Denied May 1, 1986.

Jay Meyers, Philadelphia, for appellant.

Robert H. Nemeroff, Philadelphia, for appellee.

Before ROWLEY, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

On June 1, 1984, appellee, Alvin Johnson, filed a statement of claim in Philadelphia Municipal Court for $1000.00 in damages to appellee's automobile allegedly occasioned by appellant's, Earl Scheib, Inc.'s, breach of contract. As a result of appellant's failure to attend the July 5, 1984 hearing on appellee's claim, judgment was entered against appellant by default.

Thereafter, appellant filed a petition to open the default judgment in Municipal Court contending that appellant's previous failure to appear was due to internal corporate "confusion" and to the failure of the "legal papers" to be forwarded to the "home office". Appellant's petition was denied and appellant subsequently appealed this denial to the Court of Common Pleas of Philadelphia County.[1]

On October 9, 1984, the Honorable Thomas A. White also denied the petition to open the default judgment. In response to appellant's motion for reconsideration of the October 9, 1984 order, Judge White again denied appellant's petition to open in an order dated December 18, 1984. In his opinion, filed along with his December 18, 1984 order, Judge White noted that "service of the Complaint and notice of the [July 5, 1984] hearing were properly served on the Petitioner." Judge White was clearly unmoved by the alleged subsequent mishandling of the legal papers.

Having been thwarted in its attempts to have the default judgment *opened,* appellant returned to Municipal Court and filed a petition *to strike* the default judgment due to the claimed excessiveness of the $1000.00 award. Following a hearing, this petition was similarly denied on February 8, 1985. On March 1, 1985, appellant again appealed to the Court of Common Pleas.

Misapprehending the March 1, 1985 appeal to be an appeal from his earlier denial of appellant's petition *to open* the default judgment, Judge White ruled, in an order dated April 30, 1985, "It appearing that defendant has improperly

1. *See* Philadelphia Court Rule (Civil) 315.

filed an appeal of our Order with this Court, it is hereby Ordered that said appeal is dismissed."[2] Appellant timely appealed this order.

Given the nature of the underlying action, this case has become unnecessarily arduous. Appellant has steered this case through a serpentine procedural course. Appellant's persistence, combined with the regrettable, albeit understandable, misapprehension by the court below, has now placed this matter in our judicial lap. In the interest of "judicial economy", we have opted to disregard the numerous procedural irregularities, see Pa. R.A.P. 105(a) and Pa. R.C.P. 126, and we will address this case on its substantive merits as an appeal from the April 30, 1985 dismissal of appellant's attempt to have the default judgment stricken.

As this court has previously observed:

It is often repeated in Pennsylvania cases that a petition to strike a judgment is a common law proceeding and operates as a demurrer to the record and that a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining the judgment will not be stricken and matters dehors the record will not be considered.

*Township of Middletown v. Fried & Gerber, Inc.*, 308 Pa.Super. 161, 164, 454 A.2d 71, 72 (1982). Appellant urges only the alleged "excessiveness" of the amount of the judgment as a "fatal defect". This claim however is in the nature of a defense which does not address itself to the face of the record before us. The amount of appellee's award was exactly the amount of damages claimed in his June 1, 1984 statement of claim, upon which appellant defaulted. Therefore, the alleged "excessiveness" of the judgment is irrelevant to, and unsupportive of, the instant petition to strike.

**2.** In a brief opinion, dated August 14, 1985, Judge White directed that appellant's appeal should be filed with this court and not with the Court of Common Pleas.

Mindful that we may affirm the correct disposition by the court below on an alternate legal ground or theory from that adopted below, *see Commonwealth v. Whitehouse*, 222 Pa.Super. 127, 292 A.2d 469 (1972), we accordingly affirm the April 30, 1985 order.

Order affirmed.