514 A.2d 606

**ALLEGHENY CLARKLIFT, INC., Appellee,**

v.

**WOODLINE INDUSTRIES OF PENNSYLVANIA, INC., and Charles L. Fuellgraf, Jr., t/d/b/a Nonco.**

**Appeal of Charles L. FUELLGRAF, Jr., t/d/b/a Nonco.**

Superior Court of Pennsylvania.

Argued April 30, 1986.

Filed Aug. 29, 1986.

Lee C. McCandless, Butler, for appellant.

Thomas W. King, III, Butler, for appellee.

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

This is an appeal from an Order granting appellee's motion for summary judgment.

Woodline, the catalyst in this action, was the lessee of certain premises owned by appellant, Fuellgraf/Nonco, and of certain machinery, to wit a forklift, owned by appellee. The equipment was used and maintained on appellant's property, and was seized by appellant under the provisions of the Landlord and Tenant Act, 68 Pa. C.S.A. § 250.302, *et seq.*[1] (hereinafter the Act), after Woodline defaulted on the ground rent. Seeking return of the forklift, appellee commenced a replevin action to which appellant counterclaimed.

---

1. § 250.302 Power to distrain for rent; notice

Personal property located upon premises occupied by a tenant shall, unless exempted by article four of this act, be subject to distress for any rent reserved and due. Such distress may be made by the landlord or by his agent duly authorized thereto in writing. Such distress may be made on any day, except Sunday, between the hours of seven ante meridian and seven post meridian and not at any other time, except where the tenant through his act prevents the execution of the warrant during such hours.

· Notice in writing of such distress, stating the cause of such taking, specifying the date of levy and the personal property distrained sufficiently to inform the tenant or owner what personal property is distrained and the amount of rent in arrears, shall be given, within five days after making the distress, to the tenant and any other owner known to the landlord, personally, or by mailing the same to

Appellee then successfully moved for summary judgment on the basis that the statute under which appellant had distrained on the forklift was unconstitutional, having been adjudicated violative of the Fourteenth Amendment.

On appeal this court vacated the judgment and remanded so that the Attorney General might be apprised of the constitutional claim as required by Pa.R.C.P. 235(a).[2] The Commonwealth declined to intervene in defense of the statute and the lower court renewed its previous Order grounding its judgment on the conclusion that under the Uniform Commercial Code Woodline had no secured interest in the equipment which could be subject to the landlord's distraint for rent. This appeal followed.

Appellant's claim is that Woodline did in fact possess a sufficient interest under the terms of the Act to validate distraint. Specifically it is argued that because appellee did not give notice under § 250.403[3] to the effect that ownership of the machine was vested in Allegheny Clarklift

the tenant or any other owner at the premises, or by posting the same conspicuously on the premises charged with the rent.

A landlord or such agent may also, in the manner above provided, distrain personal property located on the premises but only that belonging to the tenant, for arrears of rent due on any lease which has ended and terminated, if such distress is made during the continuance of the landlord's title or interest in the property.

2. Pa.R.C.P. **Rule 235. Notice to Attorney General.**
**Constitutionality of Statute.**

(a) In any proceeding in a court subject to these rules in which an Act of Assembly is alleged to be unconstitutional and the Commonwealth is not a party, the party raising the question of constitutionality shall promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and shall file proof of the giving of the notice. The Attorney General may intervene as a party or may be heard without the necessity of intervention. The court in its discretion may stay the proceedings pending the giving of the notice and a reasonable opportunity to the Attorney General to respond thereto. If the circumstances of the case require the court may proceed without prior notice in which event notice shall be given as soon as possible; or the court may proceed without waiting action by the Attorney General in response to a notice.

3. § 250.403 reads in pertinent part:

rather than in Woodline, the property automatically became available as compensation for Woodline's rent arrearages.

Appellant further contends that the constitutionality of the statute is not before this court, and that even if it were, appellee was afforded adequate notice so as to satisfy due process notwithstanding any deficiencies of the Act in this regard.

We find at the outset that the constitutional question is properly before us. It was raised below, and does not, as appellant suggests, simply vanish because the trial court circumvented it. So long as we reach the same (correct) destination as did the court below, we need not arrive there by an identical mode of travel. *Johnson v. Earl Scheib, Inc.*, 352 Pa.Super. 278, 507 A.2d 1228 (1986).

Examination of the constitutional salubrity of the Act, which has occurred solely within the confines of the federal courts, began with *Santiago v. McElroy*, 319 F.Supp. 284 (E.D.Pa.1970). In that case, the federal district court invalidated the sale provisions of the statute, § 250.309,[4] on grounds that it failed to provide notice and hearing to the

**Exemption of property on premises under lease or sale contract subject to a security interest.**

The following personal property loaned to or leased or hired by any person, or sold in any transaction in which a purchase money security interest is taken or retained shall be exempt from levy and sale on distress for rent so long as the security interest or title thereto remains in the secured party, owner, lender, or lessor if written notice, specifically describing the personal property loaned, leased, hired, or made subject to a security interest, shall be given to the landlord or his agent at the time the said personal property is placed upon the demised premises or within ten days thereafter, which notice shall contain a statement of the respective amounts due on each article named in the notice, and when so given, shall be effective as to such landlord and any future owner or owners of said premises ...

**4.** § 250.309 reads in pertinent part:

**§ 250.309  Sale and notice thereof; distribution of proceeds.**

After the appraisement has been completed, the sheriff, deputy sheriff, constable or deputy constable shall fix a day, time and place of sale, of which at least six days public notice in writing shall be given by handbills. The notice of sale shall specify the personal property to be sold sufficiently to inform the tenant or owner and to induce bidders to attend the sale. On the day and at the time fixed

tenant prior to disposal of distrained property. *Musselman v. Spies*, 343 F.Supp. 528 (M.D.Pa.1972); *see also Sellers v. Contino*, 327 F.Supp. 230 (E.D.Pa.1971). The Act's other provisions, however, were specifically upheld as posing no threat to 14th Amendment rights.

In the second of two Opinions in *Gross v. Fox*, 349 F.Supp. 1164 (E.D.Pa.1972), *vacated*, 496 F.2d 1153 (3d Cir.1974), the distraint provisions as a whole were declared facially invalid because under them a landlord was permitted "to levy on the property on a tenant's premises without prior notice or hearing in violation of the Fourteenth Amendment's due process clause." *Id.* at 1168.

*Gross* thus provided a foundation upon which further extrapolation on the infirmity of the statue could be superstructed. *See, e.g., Litton Business Systems, Inc. v. Paul L'Esperance, Inc.*, 387 F.Supp. 1265 (E.D.Pa.1975); *Stots v. Media Real Estate Co.*, 355 F.Supp. 240 (E.D.Pa.1973). However, the validity of this line of cases was compromised by the Third Circuit's vacation of *Gross* on appeal, and its refusal to address the constitutional issue because, *inter alia*, "Courts generally try to avoid reaching constitutional issues, especially where, as here, a federal court is asked to pass on a state statute, and the question is not free from doubt." *Id.* at 1154.

In *SMI Industries, Inc. v. Lanard & Axilbund, Inc.*, 481 F.Supp. 459 (E.D.Pa.1979), resolution of the constitutional question was again avoided, this time on the basis that since posting and seizure of the contested property were performed by a private person rather than a sheriff, there was no state action such as would offend due process. The court also noted that in addition to the vacuum created by the abandonment of *Gross*, the very definition of state action was in a state of flux given the then recent decision in *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). There, relief for deprivation of

for sale or on any day and time to which said sale may be adjourned, the sheriff, deputy sheriff, constable or deputy constable shall publicly sell the personal property so distrained for the best price that can be obtained for same.

civil rights was sought under 42 U.S.C.S. § 1983. The U.S. Supreme Court found that the acts of the city marshal, on behalf of a bailor in enforcing a warehouseman's lien under the New York Commercial Code, were not subsumable under the sovereign-function doctrine so as to constitute state action violative of the Fourteenth Amendment.

This decision affected not only the already problematical *Gross* line of cases, but also *Ragin v. Schwartz*, 393 F.Supp. 152 (W.D.Pa.1975), another authority, parallel to *Gross*, for the constitutional frailty of the Act. In *Ragin*, the court held that the sheriff who had physically made levy on the property "had power to act only because he is an official and thus performs 'under color of law.' " *Id.* at 156. The *Ragin* conclusion of unconstitutionality was adopted by the court in *Luria Brothers & Co. v. Allen*, 452 F.Supp. 732 (W.D.Pa.1978), *rev'd in part*, 672 F.2d 347 (3d Cir.1982), which found that summary seizure of property belonging, not to the tenant, but to a third party contravened the Fourteenth Amendment. The *Flagg Brothers* holding however, was applied to *Luria* on appeal, with the Third Circuit again avoiding the constitutional issue. Its conclusion again was that because posting and seizure were performed by a private party, no state action was present to activate due process safeguards.

The thrust of *Flagg Brothers* is that no overt official involvement in the property deprivation was discoverable when the city marshal supervised, rather than performed, eviction and seizure under the New York statute. In large measure, the rationale for this conclusion was based on the marshal's dismissal as a defendant in the case by the agreement of all parties. In the estimation of the court, there then remained no official to be involved, overtly or otherwise.

However, the hurdle erected by *Flagg Brothers*, and the cause of the *Luria* court's concern, was the specific finding that state authorization for the warehouseman to sell the attached property was not a delegation of sovereign function. Added to this was the corollary that the title of state action was not necessarily applicable to behavior authorized

by the statute, because the resolution of debtor-creditor disputes is customarily a private matter, and, in addition to the statutory methods, other types of relief are available.

Our concern is an analogous one: the right of distress, whether statutory or common law, has customarily been regarded as extra-judicial. M. Stern, *Trickett on the Law of Landlord and Tenant in Pennsylvania* (1973). Therefore, "any constable carrying out the 'landlord's warrant,' is acting as an agent of the landlord, and not as an officer serving process ..." 25 Standard Pennsylvania Practice 2d § 130:83 (1984). The *Flagg Brothers* decision, in conjunction with this traditional view of distress as a (private) self-help remedy seems at least superficially to validate the Pennsylvania Act, overruling by indirection all of those cases which hold otherwise.

Guidance can be found, however, from *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), also a section 1983 action, which in interpreting *Flagg Brothers* clarifies the question before us. In addressing a challenge to the pre-judgment attachment provisions of the Virginia Code,[5] the Supreme Court found the statutory methodology enabling a creditor to levy on a debtor's property to be unconstitutional. Specifically, the due process requirements of the Fourteenth Amendment were found to be necessitated simply because, "The procedural scheme created by the statute is the product of state action," *Lugar*, 457 U.S. at 941, 102 S.Ct. at 2756, and whenever "the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute." *Id.*

The focus of the *Lugar* court is therefore on the terms of the statute and its (constitutionally deficient) procedure, rather than, as in *Flagg Brothers* the defendant's identity. In examining the former, the *Lugar* court emphasized the continuing significance of the constitutional "first principle" enunciated by *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and its progeny,

---

**5.** Va.Code § 8.01–533 (1977).

that is, that "the constitutional requirements of due process apply to garnishment and pre-judgment attachment procedures whenever officers of the state act jointly with a creditor in securing the property in dispute." *Lugar*, 457 U.S. at 933, 102 S.Ct. at 2751.

Thus, the state having once authorized private action in conjunction with its own officials, must ensure at the outset that the procedural scheme to be followed is beyond (constitutional) reproach. This is never more true than where the owner of the distressed property is not the delinquent tenant, but a third party.

■ Having said so much, we find that summary judgment was properly granted. Appellant's assertion that the distraint was justified by the statute misses the mark. Having been found nugatory itself, the Act cannot be relied upon to confer legitimacy elsewhere.

■ Finally appellant argues that because he gave notice, the demands of due process were met notwithstanding the Act's putative infirmity. When a similar contention was advanced in *Stots, supra,* the court found that once the statute was invalidated, the exemplary behavior of the implementing party became irrelevant. We see no reason to disagree.

Judgment affirmed.