**In re Cindy Lee Mellinger BISTRANSIN, Debtor.**

**Bankruptcy No. 88-02147. Motion No. 88-5566-M.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 12, 1989.

Raymond A. Swan, Allison Park, Douglas G. Linn, II, & Associates, Butler, Pa., for Robert C. Sechan, Jr.

Jane Hepting, Butler, Pa., for debtor.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the court is a Motion to Avoid a Judicial Lien filed on behalf of Cindy Lee Mellinger Bistransin (hereinafter Debtor). The lienholder is Robert C. Sechan, Jr. (hereinafter Landlord) who owns a mobile home park. On or about March 22, 1988, the Landlord obtained a judgment against the Debtor and her husband, a

non-Debtor, for rent due on a lot in the mobile home park. On July 5, 1988, a warrant of execution issued pursuant to which the sheriff of Butler County levied upon personalty itemized in Appendix 1 to Debtor's motion. The items have not yet been sold and are under the control of the sheriff, although stored at the mobile home park on a lot different from that previously occupied by Debtor. This bankruptcy petition was filed on August 15, 1988.

Landlord submits that he is entitled to the personalty because his judicial lien of March 22, 1988, is not avoidable under 11 U.S.C. § 547 as a preferential transfer. He argues that even if the judicial lien is avoidable, he has an unavoidable statutory landlord's lien by virtue of 68 Pa. C.S.A. § 321.[1]

■ Debtor maintains that the transfer at issue is that which occurred when the sheriff levied on the property in July of 1988, within the preference period. As provided in the Bankruptcy Code, the first transfer occurred when judgment was entered in March, several months prepetition and well outside the ninety day preference period. 11 U.S.C. § 101(40). Under the all-encompassing definition of § 101(40), however, the sheriff's levy also constituted a transfer. The Code enables an individual Debtor who has filed a Chapter 7 petition to avoid any transfer, regardless of when it occurred prepetition, if it is a judicial lien which impairs exemptions. *See* 11 U.S.C. § 522(f)(1); B.R. 4003(d). Because the judgment was entered in Landlord's favor in an assumpsit action, the lien created thereby is a judicial lien. 11 U.S.C. § 101(32).

Although Landlord's answer to the Motion to Avoid Judicial Lien denied that Debtor's exemptions were impaired by the lien, Landlord failed to offer any evidence on this point. Furthermore, the amount of the judgment and the value of the property as listed in the petition and schedule have not been challenged nor have any timely

---

**1.** The full text of § 321 reads:

The goods and chattels being in or upon any messuage, lands, or tenements, which are or shall be demised for life or years, or otherwise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, That such rent shall not exceed one year's rent.

 

objections[2] been filed to Debtor's claim of $1,475.00 worth of exempt property. The lien is in the amount of $2,244.50 and clearly impairs the exemption.

 Debtors also may avoid any transfer

> ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if (1) such transfer is avoidable by the trustee under section ... 545 ... and (2) the trustee does not attempt to avoid such transfer. 11 U.S.C. § 522(h).

Sections 545(3) and 545(4) enable the Trustee to avoid statutory liens for rent or distress for rent.[3] Section 522(g)(1) permits a Debtor to exempt transferred property if the transfer was involuntary and the Debtor did not conceal the property. In the case of *In Re Hoffman*, 96 B.R. 46, (W.D.Pa. 1988), the court defined "voluntary transfer" as one which occurs "when the Debtor, with knowledge of all of the essential facts and free from persuasive influence of another chooses of her own free will to transfer property to the creditors." *Id.* at 4. In the case at bench neither the transfer by entry of the judgment nor the transfer by levy occurred through Debtor's exercise of choice. Debtor did not conceal the property and the Trustee did not seek to avoid either the judgment or the levy. Thus, even assuming the existence of a statutory landlord's lien, Debtor's situation meets the requisite criteria of § 522(g)(1) and Debtor can avoid the lien in accordance with § 522(h) and § 545.

 Consequently, the court will order the sheriff to release the levy and will order that all those items currently stored on the Landlord's property which are listed in Appendix 1 to the Debtor's motion be turned over to Debtor by the Landlord.[4]

An appropriate order will be entered.

**2.** The time period within which to object expired thirty days after the first meeting of creditors which was held on September 23, 1988. B.R. 4003(b).

**3.** The parties strongly disagree as to whether the Landlord has a statutory lien. Debtor contends that because a landlord's lien can arise only when goods are liable to distress and because Pennsylvania's distraint procedures were held unconstitutional in the case of *Allegheny Clarklift v. Woodline Industries of Pa., Inc.*, 356 Pa.Super.Ct. 269, 514 A.2d 606 (1986), no statutory landlords' liens can exist in Pennsylvania. The Landlord argues that a more restrictive reading of *Allegheny Clarklift* is in order and that landlords' liens can attach. Because of the applicability of §§ 545(3) and (4) and 522(g) and (h) permitting avoidance of landlords' liens, we need not attempt to determine whether the Pennsylvania Supreme Court would rule that, absent distraint procedures, a landlord cannot obtain a lien which is entitled to priority. In *In re Kelco Enterprises*, 86 B.R. 471 (Bankr.W.D.Pa. 1988), the court relied on precedent set by the Court of Appeals for the Third Circuit in determining that all steps to distrain required by Pennsylvania law must be accomplished before a landlord's lien arises. Here, Landlord did not establish any facts to show a distraint, but only that he had obtained a writ of execution pursuant to his judgment. Thus, on this record, no statutory lien exists even if permitted under Pennsylvania law.

**4.** Because the items are claimed as exempt, they are subject neither to the reach of creditors nor to administration by the Trustee.