The Honorable William L. "Bill" Walker, Jr. State Senator P.O. Box 1609 Little Rock, AR 72203-1609
Dear Senator Walker:
This is in response to your request for an opinion on the following questions:
 1) Does Arkansas Code 18-16-101 work in concert with the Landlord/Tenant Law (A.C.A. § 18-16-108)?
 2) Can a landlord dispose of stored property pursuant to A.C.A. § 18-16-108 without notice requirement to the tenant?
 3) Can A.C.A. § 18-16-108 pass the Constitutional test of the 14th
Amendment to the United States Constitution and Article 2, Section 8 of the Arkansas Constitution when not applied in concert with statutes providing notice requirements?
It is my opinion that the answer to your first question is "no."
Section 18-16-101 (1987) sets forth a judicial procedure to prosecute tenants holding over after `ten days' notice to vacate following the tenant's refusal or failure to pay rent when due. The criminal prosecution results in a misdemeanor and a fine of not less than $1.00 nor more than $25.00 for each offense. A.C.A. § 18-16-101(b).
Arkansas Code Annotated § 18-16-108 (Supp. 1997) states as follows:
 Upon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned and may be disposed of by the lessor as the lessor shall see fit without recourse by the lessee. All property placed on the premises by the tenant or lessee is subjected to a lien in favor of the lessor for the payment of all sums agreed to be paid by the lessee.
Although you have not stated just how these two Code sections would "work in concert," there is no suggestion from their plain language that they are connected or related. Nor have I found any other evidence of legislative intent to that effect. They address different subjects — criminal judicial proceedings under § 18-16-101 and disposal of property deemed abandoned under § 18-16-108. I cannot conclude from the face of these provisions that they are intended to work together.
Please note in response to your second question that I have enclosed a copy of Attorney General Opinion 98-022 wherein I opined that § 18-16-108
does permit the sale of property left on the premises without notice to the lessee. It is thus my opinion that the answer to your second question is "yes."
With regard to your final question concerning constitutional issues, as I noted in Opinion 98-022, supra, the apparent lack of procedural safeguards (such as notice) in § 18-16-108 could give rise to a constitutional challenge on due process grounds. Op. Att'y Gen. 98-022 at n. 1. The Arkansas appellate courts have not decided this issue. The statute is, of course, presumed constitutional (see generally UrreyCeramic Tile Co. v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991)), and will be construed by a court as constitutional if possible. See Davis v.Smith, 266 Ark. 112, 583 S.W.2d 37 (1979).
Conflicting holdings in the federal circuits that have considered the constitutionality of statutes authorizing various distraint procedures prevent me from predicting with certainty the outcome of a due process challenge to § 18-16-108. See Culbertson v. Leland, 528 F.2d 426 (9th
Cir. 1975), Davis v. Richmond, 512 F.2d 201 (1st Cir. 1975), and Hallv. Garson, 468 F.2d 845 (5th Cir. 1972). See also 49 Am. Jur. 2dLandlord and Tenant § 1002 (1995). According to my research, the main issue will likely focus on the element of "state action," the pivotal question being whether there is significant state involvement such as would offend due process. See generally Allegheny Clarklift, Inc. v.Woodline Industries of Pennsylvania, Inc., 356 Pa. Super. 269,514 A.2d 606 (1986); Hitchcock v. Allison, 572 P.2d 982 (Okla.S.Ct. 1977). As stated by the Oklahoma Supreme Court in Hitchcock, supra:
 [i]t is well established that purely private action is immune from the restrictions of the Fourteenth Amendment, but to distinguish between private action and State action can sometimes be difficult. [Citation omitted]. State action is an elusive concept and cannot be discerned by a precise formula. [Citation omitted]. The many factors involved must be sifted and all circumstances weighed.
572 P.2d at 984.
The constitutionality of § 18-16-108 will thus ultimately require judicial resolution. I cannot opine conclusively on the issue, given the many distinguishing factors in the cases that have been decided in this area.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh